EARLINGTON REALTY COMPANY, PLAINTIFF-APPELLANT, v. DAVID BERKOW, DEFENDANT-APPELLEE.

Submitted February 5, 1925—Decided April 24, 1925.

**Landlord and Tenant—Action for Rent—Dissolution of Partnership of Leasee—No Evidence of Surrender of Lease as Trial Court Thought—Judgment for Defendant Reversed and Venire de Novo Awarded.**

On appeal from the Orange District Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Bilder & Bilder*.

For the appellee, *Carl Olson*.

PER CURIAM.

On trial in the District Court the defendant below obtained a verdict of the jury on which judgment was entered. From this judgment plaintiff appeals.

The suit was to recover $162.50 rent for the month of July, 1923, on a written lease signed by defendant and a partner. The lease was originally to J. Kordon and David Berkow, who were then partners.

In paragraph 28 of the lease it was provided—

"28th. The tenant is hereby permitted to sublease the said premises to a furrier with not more than the same number of machines, or a jobber without manufacturing, *upon condition, however, that the tenants will in no manner be relieved from liability hereunder, and they shall be responsible at all times for the payment of the rent herein.*"

And by the nineteenth paragraph—

"19th. The leasee has this day deposited with the lessor the sum of one hundred seventy-five 00/100 dollars, as security for the faithful performance of all terms, covenants and conditions in the within lease contained. It being expressly understood and agreed that if the lessee surrenders said premises or is dispossessed therefrom prior to the expiration of this lease, then, in that event, the said sum of one hundred seventy-five [$175] dollars shall belong to the lessor as liquidated and stipulated damages, and the parties hereto stipulate to treat said deposit as such liquidated damages because they cannot ascertain the exact amount of damage which the lessor would sustain in the event of any breach or violation hereunder. If, however, all terms, covenants and conditions are fully complied with, then, in that event, the said security shall be returned to the lessee at the expiration of this lease."

The partnership was dissolved on January 20th, 1923, and the property was thereafter occupied by Kordon & Rosenblatt, who acquired possession under a paper-writing whereby the plaintiff consented "to the proper and legal assignment of the lease" to Kordon & Rosenblatt, *providing "that none of the parties to the original lease are relieved from any liability under said lease by this consent,"* and thereunder there was the written acceptance, signed by Kordon & Rosenblatt, of "the assignment herein before referred to," and following which there was a writing saying that "the undersigned assigns the security to Kordon & Rosenblatt," signed by the defendant.

The non-payment of the July rent was not in dispute, but defendant contended that the conditions and transactions above noted, together with the acts of the parties, constituted a surrender of the premises and released the original lessees. The acts of the parties claimed to aid the defendant were wholly contained in a conversation between Berkow and a representative of the plaintiff thus described in the record:

"*Q.* What was the conversation? *A.* I spoke to Mr. Straussman that I am stepping out of the partnership, and Mr. Kordon takes in another partner. I said, 'will that release me?' He said, 'I don't care who pays the rent as long as the rent is paid.' Those are the very words he told me."

The plaintiff then asked for a direction of a verdict in its favor. This was refused and exceptions noted, and a verdict and judgment as above set out followed.

The question, therefore, for determination is whether under the facts above stated there was any evidence of a surrender of the lease, as the trial judge thought. We think there was no such evidence. It will be noted that the transfer, such as it is, was by one of the tenants only with the other tenant and another. The law is entirely settled in this state that while the assignment by the tenant of a leasehold to a third person with the assent of the landlord may terminate the privity of estate, it will not terminate the privity of contract in the original lease unless the acts of the parties are sufficient to indicate an abandonment of the contract with the old tenant and the substitution of a new contract with the assignee. *Hunt* v. *Gardner*, 39 *N. J. L.* 530; *Wallace* v. *Kennelly*, 47 *Id.* 242.

The evidence in this case does not disclose anything more than an assignment of the lease to the new tenants and the assent thereto of the landlord, the plaintiff herein, with the remark in response to a question from the former tenant that he did not care who paid the rent so long as it was paid. We think it impossible to extract from this a surrender of the premises by the former tenant, and, this being

true, the force of the contract between the plaintiff and the present defendant still existed and the defendant was liable for the rent.

Perhaps we should point out that the defendant's "assignment of the security to Kordon & Rosenblatt" was made for the *avowed* purpose of transferring the defendant's right or interest therein to the assignee of the lease, and not of vesting the right thereto in the plaintiff under paragraph 19 of the lease.

Of course, when the minds of parties to a lease concur in the common intent of relinquishing the relation of landlord and tenant, and execute this intent by acts which are tantamount to a stipulation to put an end thereto, there at once arises a surrender by act and operation of law. *Miller* v. *Dennis*, 68 *N. J. L.* 323. In that case explicit proof of an agreement between the landlord and tenant to terminate the lease by a surrender was proven. Our difficulty in the present case is that by no reasonable inference can the conversation between the landlord and the defendant justify a jury in concluding that it was the intention of the parties to terminate the contract; in point of fact the consent executed by the plaintiff is expressly to the contrary.

The judgment below will be reversed and a *venire de novo* awarded.