BESSIE MARGOLIUS, PLAINTIFF-APPELLANT, v. MICHAEL FLEMING, HAROLD C. FIELD AND ARVID MARTHIN, DEFENDANTS-RESPONDENTS.

Submitted May term, 1928—Decided November 23, 1928.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Edmund A. Hayes.*

For the respondents, *C. Raymond Lyons* and *Joseph H. Edgar.*

PER CURIAM.

This is an action to recover rent for the month of October, 1927, on a lease of premises in Highland Park. It is against Fleming, as lessee, against Field, as surety, for the performance of the conditions of the lease by Field Restaurant, Incorporated, and against Marthin, upon his or her assumption of the obligation of the lease. The lease was made May 1st, 1926, between the plaintiff and Fleming for a period of five years. On May 28th, 1927, Fleming sold his interest in the business conducted therein to Field Restaurant, Incorporated, and the plaintiff consented to the transfer of the lease. The obligations of the lease were assumed by the Field Restaurant, Incorporated, and on the same day Field became surety to the plaintiff for the performance of the covenants of the lease by Field Restaurant, Incorporated. On October 1st, 1927, Field Restaurant, Incorporated, transferred its interest in the

lease to Marthin, and on the same date Marthin assumed to perform its obligations and conditions. The lease contained a provision against assignment or the subletting of the premises without the consent of the plaintiff.

On the foregoing state of facts the court gave judgment in favor of the plaintiff against Marthin but in favor of the defendants Fleming and Field. The reasons for the conclusion reached by the trial court are not given and no brief is filed for the respondent.

We think the latter judgment was wrong. Fleming was liable as lessee, and assignment of the lease to Field Restaurant, Incorporated, did not of itself, in the absence of affirmative evidence of a surrender (of which there was none), relieve him from the obligations in the lease. *Arlington Realty Co.* v. *Berkow,* 128 *Atl. Rep.* 605. Field was liable by reason of his undertaking as guarantor of the performance of the conditions of the lease by Field Restaurant, Incorporated. The contract was co-temporaneous with the assumption of the lease by the company and upon a sufficient consideration. By its terms it agreed to pay on default. In this situation the cases of *Wilkinson-Gaddis Co.* v. *Van Riper,* 63 *N. J. L.* 394, and *Pfeiffer* v. *Crossley,* 91 *Id.* 433, are controlling.

The judgment is reversed.