SARAH ELIZABETH CLARK, WIFE OF A. JUDSON CLARK, AND A. JUDSON CLARK, HER HUSBAND, INDIVIDUALLY AND AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF ALFRED C. GETCHIUS, DECEASED, PLAINTIFFS-APPELLANTS, v. JOSEPH M. BYRNE, Jr., SURVIVING EXECUTOR OF THE ESTATE OF JOSEPH M. BYRNE, DECEASED, DEFENDANTS-RESPONDENTS.

Submitted May 29, 1936—Decided October 2, 1936.

For the plaintiffs-appellants, *Rossbach & Crummy*.

For the defendants-respondents, *McCarter & English*.

The opinion of the court was delivered by

RAFFERTY, J. Appellants, plaintiffs below, instituted suit in the Essex County Circuit Court against respondent, defendant below, alleging loss in rent claimed to be due under a certain contract of lease made by appellants with testator of respondent and failure of respondent to pay certain taxes to the city of Newark, as provided for in this lease, as items of damage.

The evidence submitted on behalf of plaintiffs at the trial of the cause was for the most part documentary. Testimony as to the amount of taxes levied for the year 1932 and the date of the fixing of the tax rate for that year was offered by one Fitzsimmons, a representative of the tax board of the city of Newark. A. Judson Clark, Jr., who appears to be one of the parties appellant, testified as to matters affecting the whole transaction.

The defense to the action, as set up in the answer, is a surrender by operation of law.

At the close of plaintiff's case, counsel for defendant moved for a nonsuit on the ground that, under the evidence submitted, defendant, by operation of law, had been wholly released from any liability to plaintiffs. The trial court, after argument, granted the motion for nonsuit. Appellants contend that this action of the trial court was erroneous and that there was evidence sufficient to raise a question of fact for the jury to decide.

The undisputed facts appear to be that on June 26th, 1914, A. Judson Clark, as attorney in fact of Alfred C. Getchius, and Sarah Elizabeth Clark, individually, entered into a contract of lease affecting certain premises situate in the city of Newark, with Joseph M. Byrne, testator of defendant. The lease provided for a term of thirty years, with options of renewal for additional terms, fixed the amount of rentals for the first ten years of the term and established a formula for

the fixing of rentals for each succeeding ten years. Lessors agreed that the lessee "shall have the privilege of assigning this lease to such person, persons, or corporations as he shall elect."

Contemporaneously with the making of this lease, the parties lessor, by a separate instrument, agreed to convey to the lessee a described portion of the leased premises for a stipulated sum. This agreement contained a similar provision for assignment.

It appears from the testimony of Clark, Jr., and from documentary evidence submitted, that Byrne assigned the lease on August 10th, 1914, to Broad and Market Building, hereinafter called the Corporation. This assignment is not in evidence. However, the Corporation thereafter paid the rentals from sometime in 1914 until the summer of 1932.

On December 11th, 1922, Sarah Elizabeth Clark and A. Judson Clark, her husband, individually and as executors of the last will and testament of Alfred C. Getchius, deceased, entered into an agreement with the Corporation whereby, after reciting the lease to Byrne, the conditions thereof and the exercise by Byrne of the privilege of assignment contained therein, and upon consideration, they did "hereby demise and lease unto the said Broad and Market Building, a corporation, said premises," and did "hereby confirm the tenancy of" the Corporation. On this date also appellants conveyed to the Corporation the premises described in the separate agreement of June 26th, 1914, with Byrne, although no evidence of assignment of such agreement by Byrne appears.

On August 5th, 1924, appellants and the Corporation, pursuant to the provisions of the Byrne lease, fixed the amount of rentals for the ensuing ten-year period.

It appears that in the summer of 1932 the Corporation fell into difficulties, because of which it was unable to pay the rent and taxes agreed upon. Thereafter, a conference was had between representatives of appellants and the Corporation, which resulted in the reconveyance to appellants of the premises conveyed by them on December 11th, 1922, and the payment by the Corporation to appellants of a sum of money and in consideration thereof, together with the execution of a

new lease between appellants and Markbroad Realty Company, another corporation, "the old Broad and Market lease" was canceled.

In this situation it is difficult to understand the basis upon which appellants seek to support this appeal. Summarized, the grounds of appeal as set forth in the notice and grounds of appeal and argued in the brief are that (1) a fact question sufficient for submission to the jury was raised and hence it was error for the trial court to direct the nonsuit, and (2) that the nonsuit, based upon the conclusion that a surrender by operation of law had occurred, was erroneous.

As to the first point, the record is entirely barren of anything indicating a dispute as to any material fact. The testimony of the witness, Fitzsimmons, need not be considered for reasons which will hereafter appear. The witness, Clark, testified to nothing that would even remotely afford ground for dispute in the minds of reasonable men as to any pertinent fact. The documentary evidence certainly contains nothing that would give rise to any speculation as to the factual situation. While it is true that the court should exercise most sparingly its power to direct a nonsuit and that the utmost caution must be exercised in protecting the right of parties litigant to have a jury decide disputed questions of fact, nevertheless the instant case is so clearly devoid of fact controversy that the trial court was under the plain legal duty to direct a verdict and in its action the trial court was correct.

We proceed now to examine the propriety of the legal conclusion arrived at by the trial court. Under the complaint filed in the cause it became the duty of plaintiffs below to establish the existence and continuance in effect of the contract of lease entered into on June 26th, 1914, a breach of conditions and the resultant damage flowing from such breach. Defendant pleaded a surrender by operation of law. The evidence before the court at the close of plaintiff's case was such as to clearly justify the conclusion that the defense was well pleaded and quite justified. We need only look to the contract entered into between the parties appellant and the Corporation on December 11th, 1922. This contract is a sealed instrument and it cannot be said but that it was deliberately

entered into by the parties thereto. It does not appear that any question or dispute as to any of the terms or conditions of the Byrne lease was at that time pending between the parties. If the Byrne lease was intended to be relied upon by the parties, there was on that date nothing to be done under its terms and conditions save to pay the agreed rental and taxes, which was being done. The fixing of rentals for the second ten-year period was not to be done under the Byrne lease until ten years from the date thereof, which would have occurred in the summer of 1924. It cannot be said that this instrument was executed pursuant to the twelfth paragraph of the Byrne lease, which provided that "immediately" upon the death of Getchius, appellants would execute such further lease as would be necessary or desirable to confirm the tenancy, as letters testamentary on the estate of Getchius were issued by the surrogate of Essex county on January 11th, 1916, almost seven years prior to the date of this instrument. In the instrument itself, appellants, as parties thereto, "do hereby demise and lease unto the said Broad and Market Building, a corporation, said premises, described in the lease, between said Sarah Elizabeth Clark, et al., of the first part, and Joseph M. Byrne, of the second part, dated June 26th, 1914, subject to all the terms and conditions in said original lease contained." Clearer words to convey a leasehold could not be devised. No purpose would be served in using the words "in said original lease contained," unless it were to describe a lease instrument that was in existence and that was intended to be a separate and distinct instrument from that instrument which contained its reference. For all that appears the reference to the terms and conditions of the Byrne lease in the instrument executed December 11th, 1922, merely served the convenience of the parties in incorporating the terms and conditions of the Byrne lease into that instrument.

We need not consider whether a new privity of contract was substituted by appellants in their transactions affecting the tenancy of the Corporation between the summer of 1914 and December 11th, 1922. Certainly appellants recognized the tenancy of the Corporation by virtue of the assignment by Byrne to the Corporation and accepted rentals from the

Corporation during that period, thereby establishing a privity of estate between appellants and the Corporation. The execution of the instrument of lease dated December 11th, 1922, was an unequivocal act done by parties appellant and beyond peradventure of doubt established privity of contract and privity of estate between appellants and the Corporation in hostility to corresponding privities which may have theretofore existed between appellants and respondent and thereby in concept of law destroyed those privities and resulted definitely in a surrender of the Byrne lease by operation of law. The doctrine of surrender by operation of law is amply reviewed and stated in *Sypherd* v. *Myers,* 80 *N. J. L.* 321.

We need not consider the fact of the cancellation of the Corporation lease and the consideration upon which it rested, which occurred in the summer of 1932, as this cannot affect respondent herein for the reasons before stated.

The judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.

*For reversal*—None.