18 N.J. Super. 367 (1952)
87 A.2d 336
DAVID B. SILVER, MOE SILVER, AND MAX SILVER, TRADING AS MECO REALTY CO., PLAINTIFFS-APPELLANTS,
v.
GEORGE FRIEDMAN, NATALIE WIENER AND JACK BEERMAN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 18, 1952.
Decided March 12, 1952.
*368 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Moe Silver argued the cause for the plaintiffs-appellants (Messrs. David B. & Moe Silver, attorneys).
Mr. Leslie H. Cohen argued the cause for the defendants-respondents (Mr. Joseph A. Fuerstman, on the brief).
*369 The opinion of the court was delivered by EASTWOOD, J.A.D.
The plaintiffs appeal from an adverse judgment of the Essex County District Court, sitting without a jury, in favor of the defendant, George Friedman, in an action for unpaid rent.
On November 7, 1946, the plaintiffs and defendant entered into a written lease for the premises in question, for a period of five years commencing December 1, 1946. The lease provided, inter alia, that the "Tenant shall not assign this agreement or underlet or underlease the premises or any part thereof * * *"; also, that the sum of $1,000 was to be held as security for the faithful performance thereof.
Thereafter, on December 16, 1948, Friedman, with the consent of the landlord, assigned the lease and the security of $1,000 to Natalie Wiener and Jack Beerman. By the terms of the assignment Friedman agreed as follows:
"* * * It is understood that I am not to be relieved of my responsibility under this lease and agree to be liable for the performance thereof in the event of a default or if my assignee violates the terms thereof."
And the assignees agreed:
"We, the assignees of the within lease, hereby assume same and agree to carry out all of the terms and conditions of said lease to the same extent and manner as though we were originally set forth therein as the tenant."
And:
"The landlord, hereby consents to the above assignment of lease and security with the understanding that the original tenant under said lease is not to be relieved from his responsibility and is to be held accountable in the event of a default or violation of said lease by the said assignees who are obligating themselves as the tenants under said lease in accordance with the terms of said lease."
The plaintiffs and the assignees, Wiener and Beerman, on the day of the execution of the assignment, entered into a *370 written agreement extending the terms of the lease for two years, fixing the rent for the extended period and providing that the security be retained by the landlord until the expiration of the extended period.
Subsequently, by an instrument dated March 7, 1949, Beerman and Wiener, without the knowledge or consent of Friedman, assigned the lease to Beerman and Meltzer, to which the landlord consented in the following language:
"The landlord, hereby consents to the above assignment of lease and security with the understanding that the original tenants under said lease are not to be relieved from their responsibility and are to be held accountable in the event of a default or violation of said lease, and addenda dated December 16, 1948, by the said assignees who are obligating themselves as the tenants under said lease in accordance with the terms of said lease."
Incidentally, both instruments of assignment and the extension agreement were drawn by David Silver, a member of the New Jersey Bar and one of the partners of the plaintiff realty company.
Thereafter, default in the payment of rent by the last assignees occurred and plaintiffs instituted an action in the Essex County District Court against George Friedman, Natalie Wiener and Jack Beerman, for five months' rent ($1,250), expressly waiving the excess over the jurisdiction of that court. The trial court found that Friedman was liable only as surety and the landlords, by assignment to other tenants without his consent, were barred from recovering against him. Judgment was entered in favor of defendant, George Friedman, and against the defendants, Wiener and Beerman, in the sum of $1,000.
Essentially, the solution of the problem before us is dependent upon the effect of the assignment of the lease by the lessee's assignee without the knowledge or consent of the lessee, but with the consent of the lessor. Our determination of this question makes it unnecessary to discuss and decide the several other grounds of appeal advanced by plaintiffs.
*371 Under the circumstances of this case, the original lessee, Friedman, is released from his obligation as surety by reason of the assignment of the lease without his knowledge or consent, to the subsequent assignees, Beerman and Meltzer. "* * * if a lease permits its assignment or the subletting of the premises, such a transfer of the interests of the tenant will not discharge a guarantor of the lease. If, however, the lease prohibits an assignment or subletting, the surety will be discharged if the lease is assigned or the premises are sublet without his consent but with the consent of the lessor." 32 Am. Jur., Landlord and Tenant, sec. 560, p. 459. Cf. 50 C.J., Principal and Surety, sec. 157, p. 97; 72 C.J.S., Principal and Surety, § 235.
In the case of Lyon & Co. v. Plum, 75 N.J.L. 883 (E. & A. 1908), wherein the guarantor of a customer account was sought to be held liable for credit extended after the admission of a new member to the firm, it was held at p. 886:
"* * * Plum, the defendant, presumably knew both Lyon and Knight, of the original firm, and had a right to rely on their care in extending credit and promptness in collection. He could not be expected to know what part a new partner might play in the business of the firm. Such new partner might be entrusted with the entire management of credits and collections, and might negligently extend undue credit and delay collection. Plum guaranteed the original firm and that alone. His liability is measured by the terms of his contract which is strictissimi juris, and not to be extended by implication. Manufacturers' Bank v. Dickerson, 12 Vroom 448. And the addition of a partner to the firm of Lyon & Company was an additional risk which Plum did not assume.
Plum's liability, therefore, did not extend to credits given by the new firm of Lyon & Company after Tully's admission into it. * * *"
The efficacy of this rule is demonstrated in the instant case, in that the goods and chattels of the assignees, Beerman and Meltzer, to which the landlord's lien for unpaid rent might have attached, were sold by reason of the foreclosure of a chattel mortgage for $10,000 created by them three days after their assignment. See also Max v. Schlenger, 109 N.J.L. 298, 301 (E. & A. 1932); Ferguson Carpet Co. v. *372 Schottenfeld, 109 N.J.L. 539 (E. & A. 1932). Cf. Clark v. Byrne, 117 N.J.L. 301 (E. & A. 1936).
We consider the assignment to Meltzer and Beerman an effective release of Friedman by the lessor.
Affirmed.