27 N.J. Super. 301 (1953)
99 A.2d 364
MORRIS PORTNOFF, ET AL., PLAINTIFFS-APPELLANTS,
v.
HARRY MEDINKOWITZ, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued July 27, 1953.
Decided August 19, 1953.
Before Judges CLAPP, STANTON and WOODS.
Mr. Samuel H. Berlin argued the cause for plaintiffs-appellants.
Mr. Sidney Krieger argued the cause for defendants-respondents (Mr. Herman L. Levenson, attorney).
*302 The opinion of the court was delivered by CLAPP, S.J.A.D.
Plaintiffs' predecessor in title leased premises to certain persons who assigned the lease. Thereafter those assignees assigned the lease over to other persons. Both assignments were consented to on the landlord's part in conformity with Paragraph Fourth of the lease, which provided that the lease "shall" not "be assigned by the Tenant without the prior written consent of the Landlord." However, the assignment to the second assignees was made without the consent of the original lessees.
The plaintiffs brought this action in a county district court for rent due after the second assignment, suing the lessees, the first assignees and the second assignees. At the trial the lessees moved for judgment as to themselves on the ground that they became sureties upon the assignment of the lease to the first assignees and, as sureties, they were discharged from subsequent liability, when the lease was assigned, without their consent, to the second assignees. They relied upon Silver v. Friedman, 18 N.J. Super. 367 (App. Div. 1952). The court granted the motion. Plaintiffs appeal.
We are not called upon to consider whether, on the assignment of the lease to the first assignees, the lessees became at law, or indeed in equity, merely sureties, divested of their primary liability to the landlord under the lease. See Hamlin v. Rednalloh, 291 Mass. 119, 197 N.E. 149, 99 A.L.R. 1238; 51 C.J.S., Landlord and Tenant, § 45, page 575. There may be an analogy, pertinent here, between a case where lessees assign their lease to persons who assume it, and a case where a mortgagor conveys the mortgaged property to persons who assume the mortgage. If this analogy exists, it raises the question whether to the lessees here in the action at law (N.J.S. 2A:6-34) in the county district court is to be applied the rule applicable to the mortgagor in the law courts in this State prior to 1948. The rule of those courts was that the mortgagor, notwithstanding his grantee's assumption of the mortgage, continued to be liable as a principal, and was not thereby constituted a surety. *303 Hunt v. Gorenberg, 9 N.J. Misc. 463 (Circ. Ct. 1930), reviews the cases. Neither the briefs in Silver v. Friedman, supra, which we have looked at, nor the briefs here, probe these matters.
However, we need not, as we say, consider whether the lessees became sureties or whether they did not bcome sureties; for in either case they are liable here. If we assume them not to be sureties, then the second assignment clearly furnishes them with no ground for a discharge.
And if we assume they are sureties, the same is true. Paragraph Fourth of the lease, above quoted, contains plainly, it must be admitted, an agreement that assignments of the lease can be made in the future with the landlord's prior written consent. If (as we are assuming) the lessees became sureties on the making of the first assignment, have they cause to complain because another assignment is made within the intendment of the lease? If they are sureties, they became answerable, as sureties, upon the lease, and their engagement as sureties is to be measured by the terms of the lease, including this provision for assignments. Clearly the second assignment here, with the landlord's due consent, did not enlarge upon that engagement. The cases are all one way. Margolius v. Fleming, 6 N.J. Misc. 1033 (Sup. Ct. 1928); Grommes v. St. Paul Trust Co., 147 Ill. 634, 35 N.E. 820 (Sup. Ct. 1893); Way v. Reed, 6 Allen, Mass. 364 (Sup. Ct. 1863); Morgan v. Smith, 70 N.Y. 537 (Ct. App. 1877); Gilbert v. Henck, 30 Pa. 205 (Sup. Ct. 1855); Weinsklar Realty Co. v. Dooley, 200 Wis. 412, 228 N.W. 515, 67 A.L.R. 875 (Sup. Ct. 1930). See American Surety Co. of New York v. United States, 112 F.2d 903 (10 Cir, 1940).
In view of these conclusions, it is unnecessary to determine whether Dumpor's Case, 4 Co. Rep. 119b, 76 Eng. Rep. 1110 (King's Bench 1603) is law. Nor need it be determined whether the lessees by making the assignment to the first assignees, "heirs, successors and assigns" agreed to further assignments without their (the lessees') consents.
Judgment reversed.