ISIDORA R. A. MEYER AND JOHN F. C. MEYER v. ALLIANCE INVESTMENT COMPANY.

Argued February 19, 1913—Decided June 19, 1913.

Plaintiffs leased property to de Jong by a written lease with a covenant to pay rent and not to assign without written consent of the lessors. Lessors consented in writing to an assignment by de Jong to defendant "subject to all the terms, conditions and covenants contained in the lease." Subsequently the defendant reassigned to de Jong without consent of the lessors. *Held,* that the quoted words qualifying the written consent did not bind the defendant personally to the payment of the rent, as they were words of qualification not of contract, and that the covenant not to assign without consent did not operate to prevent the defendant from terminating the privity of estate by the reassignment.

---

On appeal from the First District Court of Jersey City.

Before Justices GARRISON, SWAYZE and MINTURN.

For the plaintiffs, *J. W. Rufus Besson.*

For the defendants, *John A. Miller.*

The opinion of the court was delivered by

SWAYZE, J.   The plaintiffs leased property to de Jong by a written lease which contained a covenant to pay the rent and a covenant not to assign without the written consent of the lessors.   The lessors did consent in writing to an assignment by de Jong to the defendant.   This consent was subject to all the terms, conditions and covenants contained in the lease. Subsequently, the defendant reassigned to de Jong, but to this assignment there was no written consent.   This action is for rent that accrued after the attempted reassignment.   The defence is that there was no privity of contract between the plaintiffs and the defendant, and that as the privity of estate terminated by the reassignment, the defendant is no longer liable to pay the rent, but the plaintiffs must look to de Jong. The plaintiffs had judgment for one month's rent which accrued after the reassignment to de Jong.

The claim of the plaintiffs to recover rent of the defendant rests upon the words of the consent, "subject to all the terms, conditions and covenants contained in said lease."   As Lord Denman said in a similar case, "These are words of qualification and not of contract."   *Wolveridge* v. *Steward*, 1 *Cromp. & M.* 644.   The case is similar to a conveyance of land subject to a mortgage.   The grantee is not personally bound unless there are words equivalent to an assumption of the mortgage. There is nothing to add to the argument by which the result in Wolveridge *v.* Steward was vindicated in the Exchequer Chamber.   The only suggestion that can be made to the contrary is that inasmuch as the lease contained a covenant not to assign without consent and the present defendant took subject to that covenant, it was not possible for it to terminate the privity of estate and its own liability arising therefrom by an assignment without consent since that would enable it to take advantage of its own wrong.   But the law is settled that a lease may be so assigned as to terminate the privity of estate, notwithstanding the covenant not to assign.   *Paul* v. *Nurse*, 8 *B. & C.* 486; *Tayl. L. & T.*, § 680; 24 *Cyc.* 984, *note* 45.

We think the trial judge erred in giving the plaintiffs judgment for rent that accrued after the reassignment and the judgment must be reversed and the record remitted for further proceedings.