Iarussi v. Eagle Brewing Co.    *93 N. J. L.*

---

PASQUALE IARUSSI, APPELLANT, v. EAGLE BREWING COMPANY OF NEWARK, NEW JERSEY, RESPONDENT.

Submitted July 7, 1919—Decided November 17, 1919.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The plaintiff's action against the defendant in the court below was based upon a written lease made by the plaintiff to one Pasquale DiRollo, on April 14th, 1915, for a term of five years, at a monthly rent of $37. The plaintiff succeeded in obtaining judgment for his claim upon the theory that the lessee, with the consent of the plaintiff, lessor, had assigned his interest in the lease to the defendant. From that judgment the defendant appeals to this court.

"The lease contained the usual covenants found in leases, and this provision: 'And it is further agreed between both parties hereto that the party of the second part shall have the right to assign this lease to the Eagle Brewing Company of Newark, New Jersey.' This clause was apparently put in the lease as an exception to the general provision of the lease that the party of the second part will not re-let, &c., nor assign the lease, &c., without the written consent of the lessor. The lease had attached to it a sheet of paper which contained the following: 'I hereby consent to the within lease being assigned by the within-named party of the second part, to the Eagle Brewing Company of Newark, New Jersey. Witnesseth:

(Signed)    PASQUALE IARUSSI,
PASQUALE DiROLLO.'

"The real question presented is whether there was an assignment of the tenant's interest in the lease to the defendant company and accepted by it.

"The transaction relating to the making of the lease and the assignment thereof took place on April 14th, 1915, and it appears that DiRollo remained in possession of the leased premises from that time on and paid rent to the plaintiff up to November, 1917, and continued to live in the rear room of the same until March, 1918. There was no proof that the defendant had ever paid any rent for the premises to plaintiff or had ever taken possession of the same or exercised any control over the same.

"The court found that the 'writing was an assignment of the lease, although it was not worded strictly as an assignment should be.'

"There was no warrant for such a finding under the competent evidence in the case. There was an utter absence of competent proof that the defendant company had accepted the assignment. The farthest extent to which the testimony in the case goes is that an agent of the brewing company told DiRollo that the defendant company wanted the lease assigned to it as security. But this is far from constituting the transaction and assignment of the lease, and an acceptance thereof by the defendant company, and an assumption by it of the obligations of the tenant to his landlord.

"The judgment is reversed and a new trial ordered."

For the appellant, *J. Victor D'Aloia.*

For the respondent, *Linlott, Kahrs & Young.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, ACKERSON, JJ. 11.

*For reversal*—None.