# JULIUS B. FENSTERWALD

## *vs.*

## JOHN SAMET ET AL.

*Assignment of Leasehold—Irresponsible Assignee.*

The lessee of a sub-ground rent is not required to retain the ownership thereof for the protection of his landlord, or to alien it only to solvent and responsible persons.

*Decided March 3rd, 1921.*

Appeal from the Circuit Court of Baltimore City (STANTON, J.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, ADKINS, and OFFUTT, JJ.

*William B. Bamberger,* for the appellant.

*A. Herman Siskind* for the appellees.

OFFUTT, J., delivered the opinion of the court.

The only question presented by this appeal is whether there is in force in this state any rule of law requiring the lessee of a sub-ground rent to retain the ownership thereof for the protection of his landlord, or to alien it only to solvent and responsible persons.

Julius B. Fensterwald acquired the right to collect five sub-rents issuing out of a lot of ground on North Central Avenue in Baltimore City. One of these, a rent for fifteen dollars, issued out of a lot of ground about three feet wide by fifty-nine and two-tenths feet long, which was used by John Samet as an entrance to his coal yard. This coal yard

embraced several leasehold lots which Samet had acquired, with the lot in question, under an assignment from one Adolph Kres. Samet ceased to use this long, narrow lot as an entrance to his coal yard, and as he had no other use for it and it was comparatively valueless for any other purpose, he wanted to be relieved from the payment of fifteen dollars sub-rent issuing out of it. To secure such relief he assigned the sub-lease which he held on the lot to one Israel Klavansky, a peddler, who shortly afterwards left Maryland, and whose whereabouts at the time the bill was filed were unknown. Fensterwald then filed the bill, in which these facts were set out, and in it he asked that the deed from Samet to Klavansky be set aside as in fraud of his rights.

A demurrer to the bill of complaint was sustained and the bill dismissed. It was from the order sustaining the demurrer and dismissing the bill that this appeal was taken.

We entirely concur in the action of the learned court below. In the absence of any allegation to the contrary, we must assume that the deed from Samet to Klavansky was intended to and did vest the title to the property in Klavansky, and our attention has not been called to any principle or precedent by which his right to make such an assignment can be denied. Nor is it material whether the grantee was wholly irresponsible or that the deed was made for the express purpose of relieving the sub-lessee of further liability for rent, the only thing essential to the validity of such a deed being that it should be designed to and should in fact pass the title. The principles applicable here are stated fully and precisely in *Hartman* v. *Thompson*, 104 Md. 403, in which this Court, speaking through JUDGE PEARCE, said: "It is not a fraud upon the owner of the reversion if the owner of the term assign it to another for the express purpose of terminating his future liability for rent, provided the conveyance is designed by both parties to divest the estate of the grantor and vest it in the grantee. There is no principle

of law or morals which can require the termor to retain the term for the protection of the owner of the reversion, if he thinks it to his advantage to dispose of it, and it is not material that his grantee has no financial responsibility."

Authorities in support of these principles could be multiplied, but as there appear to be none to the contrary, and as the decision cited entirely covers the question before us, it will be unnecessary to go beyond that.

For the reasons stated the decree appealed from will be affirmed.

*Decree affirmed, with costs to the appellee.*