JOSEPH GARBARINE et al., complainants,

*v.*

WALTER READE et al., defendants.

[Decided January 7th, 1924.]

Where a lease contained a covenant against subletting without the consent of the lessor, and the lessee sublet the premises without such consent, receipt of rent thereafter by the lessor from the assignee bars him from asserting that the lease is void for that reason, and amounts to a ratification of the assignment of the lease.

---

On bill, &c.

*Messrs. Young & Bigelow,* for the complainants.

*Messrs. Durand, Ivins & Carton,* for the defendants.

CHURCH, V. C.

This is a bill for specific performance of a covenant to renew a lease.

The lease between the defendant Reade and the defendant Rosasco as leasee involved a store at 21 South Main street, Asbury Park, for the term of two years, expiring June 1st, 1923. It contained the following covenants *inter alia:*

"And the said party of the second part agrees and covenants not to let or re-let the whole or any part of said premises nor assign this indenture of lease without the written consent of the said party of the first part under penalty of forfeiture and damages.

"And it is further agreed that if the said party of the second part shall fail or neglect to perform any of the covenants or agreements above mentioned, then the tenancy shall. at the option of the party of the first part, immediately expire. and the said party of the first part may re-enter the premises and eject all persons therefrom.

"The said party of the second part may have the option of renewing this lease for a further period of three years from the expiration thereof at the rent of $2,000 per annum upon executing a satisfactory lease therefor on or about December 1, 1922, six months prior to the expiration of this lease."

On August 31st, 1922, Rosasco and another sold their "store and fixtures and lease and stock" to the complainant. Since that time the complainants have been carrying on business on these premises. Every month complainants paid their rent in advance to the defendant Reade. Payment was made by check to the order of Walter Reade; checks were delivered to Reade's cashier; she testified that she deposited them, and this is borne out by the endorsement on the checks to the credit of "Walter Reade, Main Street, Theatre Account." It should be noted that the store is in the same building as the Main Street Theatre. The cashier sent to Reade duplicate deposit slips. He used the money thus turned into him and finally told the complainant that he was not willing to renew the lease, and that because he had not consented in writing to the assignment, the assignment is void and he should not be compelled to renew.

I agree with the solicitor for the defendant that the issue is one of fact as to whether Reade, by his method of accepting the rent payments, acquiesced in and ratified the assignment of the lease to the complainant. I think he did.

I will therefore grant the prayer of the complainants.