HANNAH LINKE, RESPONDENT, v. ADOLPH GREENFIELD, APPELLANT.

Submitted October 28, 1927—Decided February 6, 1928.

For the appellant, *Joseph Kraemer.*

For the respondent, *John P. Owens.*

The opinion of the court was delivered by

PARKER, J. The Ideal Music Company, a corporation, was adjudged insolvent by the court of chancery, and a receiver was appointed to close out its affairs. The receiver sold the assets of the corporation in bulk to the defendant. Among those assets was a lease from the plaintiff of certain real estate which contained a clause in the usual form, forbidding assignment of the lease without the written consent of plaintiff. Defendant purchased and entered into possession on October 23d. The next day the defendant resold to one Nathan Fisher all the property including the lease, which he assigned to Fisher, and put him in possession. Fisher vacated, and plaintiff re-entered on December 10th, and the premises were not relet until February 15th. From October 23d to February 15th plaintiff received no rent, and in this suit sought to hold defendant liable therefor, and had a judgment accordingly. On the trial defendant claimed that he was not liable for any rent accruing after the assignment to Fisher, and requested the court to charge (1) that the assignment to Fisher terminated the privity of estate between defendant and plaintiff, and the liability of defendant for rent accruing thereafter; (2) that if the jury should find that on October 24th defendant assigned his interest in the lease to Fisher, such assignment terminated defendant's privity of estate, and liability for rent accruing thereafter. These requests were refused and the court charged in substance to the contrary.

We consider that this refusal was error. The case cannot be distinguished, in our estimation, from *Meyer* v. *Alliance Investment Co.,* 84 *N. J. L.* 450, affirmed in 86 *Id.* 694. In fact, the Meyer case is stronger, for in that the lessor consented to the assignment "subject to all the terms, conditions and covenants contained in the lease," and yet the assignee was held liable only while the privity of estate continued.

In the case at bar, while the assignment to defendant was through the operation of law, it certainly was not with the consent of the landlord. If defendant *bona fide* assigned to Fisher, the privity of estate terminated, and with it defendant's liability to rent accruing thereafter.

The judgment is reversed to the end that a *venire de novo* issue.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.