PAUL GERLI, TRUSTEE AND ASSIGNEE OF SUMMIT SILK COMPANY, PLAINTIFF, v. WASHINGTON PIECE DYEING AND FINISHING COMPANY, DEFENDANT.

Argued May 7, 1929—Decided May 20, 1929.

Before Justices PARKER, BLACK and BODINE.

For the plaintiff, *Aaron Lasser* (*Sidney Svirsky,* on the brief).

For the defendant, *Robert H. McCarter* (*Abram I. Bluestein,* on the brief).

PER CURIAM.

The question involved was the liability of the defendant as assignee of a lease, for rent accrued. The defense was that the defendant had reassigned to a third party named Bertha Michelin, before any rent accrued, and the principal issue of fact at the trial was whether this reassignment was genuine or only pretended; for if genuine, defendant would be relieved of liability. *Meyer* v. *Alliance Investment Co.,* 84 *N. J. L.* 450; 86 *Id.* 694; *Linke* v. *Greenfield,* 6 *N. J. Adv. R.* 324; 140 *Atl. Rep.* 314.

The trial judge properly refused to nonsuit or to direct a verdict, as the testimony presented a disputed question of fact whether the assignment was genuine or was a mere sham and not intended to take effect as between the parties

to it. But he fell into error when he charged the jury that "there was, so far as the language was concerned, an effective assignment of that lease. If that effective assignment from the standpoint of language was also an honest assignment and not one made for the purpose of evading an honest responsibility under the lease, then that terminated what we know in law as the privity of contract."

The obvious implication of this language as we read it is that if defendant actually assigned the lease and stripped itself of all right thereto, but did that for the purpose of evading responsibility for the rent, it would still be liable. This, we think, is not the law. If the assignment be actual and genuine, the purpose is immaterial. 36 *C. J.* 377. But *aliter* if it is a mere cover. *Ibid.* 378. The language in *Linke* v. *Greenfield, supra,* reading "if defendant *bona fide* assigned to Fisher," related to a genuine, as distinct from a pretended assignment.

Other language in the charge correctly stated the law, but that does not cure the error. *Neibel* v. *Winslow,* 88 *N. J. L.* 191; *Collins* v. *Central Railroad Co.,* 90 *Id.* 593; *State* v. *Parks,* 96 *Id.* 360.

The rule will be made absolute.