JAMES C. SAPIENZA, INCORPORATED, RESPONDENT, v. ALEXANDER J. MILMOE, SR., APPELLANT.

Argued October 6, 1931—Decided January 20, 1932.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, *Koehler & Augenblick.*

For the respondent, *Milton M. Unger* and *Leonard J. Emmerglick.*

PER CURIAM.

On June 3d, 1926, a lease was executed by James C. Sapienza to Alexander J. Milmoe, Jr., and Walter V. Sullivan for premises in Irvington; on December 19th, 1927, there was an assignment of the lease by the receiver of the tenant to Alexander J. Milmoe, Sr.; on March 15th, 1930, Milmoe, Sr., assigned to Milmoe, Jr., and ceased to occupy the premises.

The action in the District Court was against Milmoe, Sr., for rents accruing in April and May, 1930, and the defense was that Milmoe, Sr., ceased to occupy the premises when he assigned to Milmoe, Jr., and was thereafter not liable for the rents.

The trial judge gave judgment for the plaintiff and defendant appeals.

It is claimed by the appellant that while there was privity of estate between the plaintiff and defendant during the defendant's occupancy of the property, there was no privity of contract, no assumption by the latter of the lease itself, and

that when defendant transferred the lease to his son the obligation to pay rent under the lease ceased in the absence of an assumption of its obligation by reason of the terms themselves or proof that the assignment to the son was not *bona fide*.

Respondent claims that the lease forbids assignment without the lessor's consent, and that having taken a valid assignment from the receiver, the defendant could not divest himself of the leased property without such consent. This, however, is disposed of by the case of *Meyer* v. *Alliance Investment Co.*, 84 *N. J. L.* 451; *affirmed*, 86 *Id.* 694. See, also, *Linke* v. *Greenfield*, 104 *Id.* 320

Considering the other questions indicated, as to the first, the lease provided that it should be binding upon the parties thereto, "their heirs, executors, adiministrators, successors and assigns." Did this constitute an assumption of the lease and its obligations? In the Meyer case, *supra*, it was held that the clause, "subject to all the terms, conditions and covenants contained in said lease," constituted words of qualification and not of contract. While there is a difference in the language, we think its meaning is the same. It imposed liability during the period of actual holding, but not otherwise.

Finally could the judge justify his conclusion on the ground that the asignment was not in good faith? We think not. Both father and son testified to the assignment and that the father thereafter had no contact with or interest in the property. In the absence of any evidence to the contrary we do not see how their testimony could be disregarded.

The judgment is reversed.