*George B. Brooks, Shackelford & Shackelford,* contra.

25081. JOHNSON *et al. v.* FIRST NATIONAL BANK OF ATLANTA.

DECIDED JULY 9, 1936.

*Colquitt, MacDougald, Troutman & Arkwright, Robert S. Parker, Harllee Branch Jr.,* for plaintiffs.

*Brandon, Hynds & Tindall, Inman Brandon,* for defendant.

BROYLES, C. J. On March 23, 1923, Mrs. Emily L. Johnson, Graham L. Johnson, and Ligon Johnson leased certain real property to Massell Realty Company for a period of thirty years. Mrs.

Johnson, now deceased, was the mother of the other two lessors, and all her rights and interest in and to the lease and the leased property are vested in them. On March 24, 1923, Massell Realty Company transferred and assigned all its rights and interest in and to said lease, and the property therein described, to Central Leases Inc., which assignment was re-executed on July 29, 1926, because of the absence of witnesses to the former transfer. On December 31, 1926, Central Leases Inc. transferred and assigned the lease to the Atlanta & Lowry National Bank, which afterward was consolidated or merged with the First National Bank of Atlanta, the latter bank by the merger assuming the obligations of the former bank under the lease. On October 31, 1934, the First National Bank of Atlanta reassigned the lease to Central Leases Inc. Graham L. Johnson and Ligon Johnson brought suit against the First National Bank of Atlanta for monthly installments alleged to be due by virtue of the lease, and which accrued after the bank reassigned the lease to Central Leases Inc., alleging "that under and by virtue of the terms of said lease, and the continued actions and dealings of the parties with reference thereto, said defendant had no right to assign said lease [to Central Leases Inc.] or to relieve itself for the monthly rental due thereunder, without written consent and acquiescence of petitioners;" that they have never consented to or acquiesced in such assignment; and that the assignment is illegal and invalid, and does not relieve the defendant from liability under the lease. "Petitioners, on information and belief, allege that the purported reassignment or surrender, as set out in Exhibit J, was made to an irresponsible party and was not made in good faith; . . that Central Leases Inc. is not financially able or responsible to carry out the terms, conditions, and payments under said lease, and that this fact was known to defendant; . . that defendant paid some consideration in order to get said irresponsible party to accept said purported assignment." There were other allegations of the petition and the exhibits attached thereto, which sought to charge that the bank by its conduct assumed the covenants of the lease, and as a consequence there was a novation and substitution whereby the defendant bank became the lessee of the plaintiff. The prayer of the petition was for the amount of the rent due, that the purported assignment be held not to relieve the defendant from the obliga-

tions of the lease, and that such assignment be declared invalid. The court sustained a general demurrer to the petition, and on this judgment the plaintiffs assign error.

The liability of the bank for rent accruing after its assignment necessarily depends on the legality and validity of that as-assignment. The lease provides, in part, that "this lease may be transferred or assigned by lessee, but in no event shall any transfer or assignment decrease the obligations of lessee [Massell Realty Company] herein. After the completion of said improvements, the lessee shall, upon assignment or transfer of this lease, be relieved from all further liability as lessee, provided the written consent of lessors is first had and obtained, and provided further that the assignee shall in writing assume and agree to observe and perform all the covenants and agreements of this lease binding upon the lessee. No transfer or assignment, without written consent of lessors, shall diminish the obligations of lessee [Massell Realty Company] herein." If the Massell Realty Company has never been released, then no party has been substituted or placed in its stead as lessee. The lease is now assigned by the defendant bank to Central Leases Inc., the same party to which the original lessee assigned it, without the consent or objection of the lessors, so far as the record discloses. Central Leases Inc. could transfer to the bank no more right or title than Central Leases Inc. possessed. The terms of the lease show that it could be assigned with or without the consent of the lessors, but show also that in order for the assignee (in this instance the defendant bank) to be bound for all the covenants and liabilities of the original lessee, "the written consent of lessors" must be first had and obtained, and "the assignee shall in writing assume and agree to observe and perform all the covenants and agreements of this lease binding upon the lessee." It is contended by the plaintiffs that the conduct of the bank shows that it recognized that it was bound to the same extent as the original lessee with whom the contract was made; but the record fails to disclose that the bank ever executed such a writing as was contemplated by the contract between the original parties, whereby the assignee must agree in writing that it will be bound by all the covenants binding upon the original lessee; nor was the written consent of the lessors obtained as contemplated by the contract. The bank not having executed the

written assumption of the covenants of the contract in the manner contemplated and as provided by the contract, the liability of the bank rests upon privity of estate, and not on contract; and when the bank reassigned the lease to Central Leases Inc., its liability for rent subsequently accruing ceased. "It is settled by an unbroken line of authority both in England and in this country, that, as the liability of the assignee of a lease to the lessor rests, in the absence of assumption of the provisions of the lease, on privity of estate, and not of contract, and as an assignment of the lease by the assignee terminates such privity of estate, he may, in the absence of fraud against the lessor, assign the lease at any time, and thereby . . his liability to the lessor for rent subsequently accruing will be terminated." 89 A. L. R. 433. "As the assignee is liable to the lessor solely on reason of privity of estate, he is responsible only for the rents accruing while he holds the estate as assignee, and not for the rents accruing before he became assignee or after he ceases to be such. . . An assignee of a lease may relieve himself from all subsequent liability to the lessor for the rent of the premises by reassigning the term and thereby terminating the privity of estate." Ann. Cas. 1916E, 800, 805. "From time immemorial all courts have held that the liability of the assignee of a lease is founded solely upon privity of estate, and that he may relieve himself of all subsequent liability for the payment of after-accruing rent by reassigning the term, and thereby terminating his privity of estate with the lessor." Johnson v. Moxley, 216 Ala. 466 (113 So. 657).

We find no Georgia decisions in conflict with this ruling. In *Dunlap* v. *George,* 48 *Ga. App.* 341 (172 S. E. 657), this court said that the assignee is liable for rent *"while the leasehold estate remains vested in him."* (Italics ours.) In *Potts-Thompson Liquor Co.* v. *Potts,* 135 *Ga.* 451, 458 (69 S. E. 734), the court approved the holding in Stewart v. Long Island R. Co., 102 N. Y. 601 (8 N. E. 200, 55 Am. R. 844), that "the assignee, *so long as he continues to hold the estate,* is liable directly to the original lessor on all covenants in the original lease which run with the land, including the covenant to pay rent." (Italics ours.) The following excerpt from Cohen v. Todd, 130 Minn. 227 (153 N. W. 531, L. R. A. 1915E, 846), is peculiarly applicable to the instant case, and shows the rule and the reason therefor: "This is an

action to recover from an assignee of a lease rent which accrued after he had made a reassignment and delivered up possession to a second assignee. The action cannot be maintained. The assignment to defendant was a naked assignment. Neither by the terms of the assignment nor in any other manner did defendant assume any contract obligation to pay rent. As long as he held the property under his assignment the law required him to pay rent according to the terms of the lease. But when he again assigned the term and delivered up possession to a second assignee, his liability for rent thereafter to accrue ceased. This has been the rule of the common law consistently followed for more than 200 years. . . The rule is founded on sound reason. The assignee, having assumed no contract obligation, can not be sued on contract. His liability during the time he holds under the lease is founded on privity of estate. After he has surrendered the premises either to the lessor or to another assignee there is no longer privity of estate. There is then no principle of law or equity upon which to predicate liability for rent to accrue, and liability no longer exists. This is but·an application of the general principle that an assignee of a lease is liable on covenants running with the land, but, being liable solely in privity of .estate, he is liable only for obligations maturing or breaches occurring while he holds the estate as assignee, and not for those which occurred before he became assignee or after he ceased to be such." The transfer from Central Leases Inc. to the Atlanta & Lowry Bank, later assumed by the defendant bank, is as follows: "For value received, the undersigned, Central Leases Inc., hereby transfers and assigns to the Atlanta & Lowry National Bank, a corporation, all its right, title, interest, and claim in the within and attached lease, and in the property therein described." This is merely a transfer and assignment of the lease, and it imposes no further liability on the bank than that of an assignee. As stated in the Todd case, supra, "the assignment to the defendant was a naked assignment," and "the assignee, having assumed no contract obligation, can not be sued on a contract." The same rule applies even though the assignee holds under a lease which provides that its covenants shall bind the lessee and his assigns, where there has been no *express* assumption of the lease. Seeburger v. Cohen, 215 Iowa, 1088 (247 N. W. 292, 89 A. L. R.

427, 435); Sapienza v. Milmoe, 110 N. J. L. 12 (158 Atl. 114 (2), 163 Atl. 662).

If the assignment by the bank had been colorable—a mere sham; if it had assigned the nominal title to the lease, and thus attempted to relieve itself of liability thereunder, but at the same time retained the benefits for itself, then the assignment would have been fraudulent and invalid. But such is not the case. The fact that Central Leases Inc., the assignee of the defendant bank, may be irresponsible financially is of no concern to the assignor. If the bank could profit by assigning the lease, or if it deemed the lease unprofitable, and in pursuance of business principles desired to relieve itself of responsibility thereunder, it had a perfect right to assign the lease to another, as had been done by other holders of the lease. In 2 Taylor on Landlord and Tenant, 33, § 452, it is said: "An assignee may always discharge himself from liability for subsequent breaches, in respect to rent as well as to other covenants, by assigning over, although it be done for the express purpose of getting rid of his responsibility, and although the second assignee neither takes possession nor receives the lease. And he may assign to a beggar, a feme covert, or to a person who is on the eve of quitting the country forever, provided the assignment shall be executed before his departure; and even though the assignee may receive from the assignor a premium as an inducement to accept the transfer." See also Fensterwald v. Samet, 138 Md. 201 (113 Atl. 750); Kanawha-Gauley Coal &c. Co. v. Sharp, 73 W. Va. 421 (80 S. E. 781, 52 L. R. A. (N. S.) 989). Moreover, the petition fails to allege any facts in support of the allegation that Central Leases Inc. was not financially responsible, and that the defendant bank paid some consideration to procure Central Leases Inc. to accept the assignment. The plaintiffs contend that the acts of the bank showed an assumption of the obligations of the contract, "and that there was a novation and substitution by virtue of the conduct and course of dealing between the parties, whereby the defendant bank became the lessee of the plaintiffs under the terms of the lease contract and subject to its several provisions, conditions, and covenants." This position is not maintainable. A substitution by implication can not be created, in view of the fact that the written contract provides a *definite and specific method* for a substitution; and the course of dealings al-

leged does not meet the requirements of the contract. If there were a substitution, the bank would necessarily be substituted for a previous lessee who would be released. The contract specifically provides that the lessee can not be released from liability unless "the written consent of lessors is first had and obtained," and "the assignee shall in writing assume and agree to observe and perform all the covenants and agreements of this lease binding upon the lessee." Both of these provisions are essential to a substitution, and neither was complied with. Moreover, the petition does not allege that the original lessee was ever released from liability; and therefore no consideration is shown for a substitution of lessees. The acceptance by the lessors of the various acts performed by the defendant bank, under the particular facts of this case, does not constitute a waiver of their right to hold the original lessee responsible; nor is such acceptance inconsistent, under the terms of this contract, with the conduct of a lessor dealing with an assignee of a lease whose liability is based only upon privity of estate. The lessors could properly accept the voluntary acts, whether they be performed by the lessee or the assignee. If the assignee bank had not performed any acts that the lessors deemed necessary to be performed by a lessee, the lessors could, and, under the contract, doubtless would, hold the original lessee responsible. There would be no occasion to call on the original lessee so long as everything necessary to be done is being done; but the lessors did not waive their right to do so under the terms of this contract.

In view of the contentions of the plaintiffs, attention is called to the fact that the lease was assigned to the defendant bank by Central Leases Inc., and not by Massell Realty Company, and the written statements made by Massell Realty Company to the plaintiffs, as set out in the petition, are not binding on the defendant bank. However, such statements do not contradict the contention of the bank, as they show that the bank merely purchased the "leasehold interest," and "assumed the payment of the ground rent," which would be obligatory upon a mere assignee. The petition contains certain allegations in reference to the dealings of the bank with one Weinstock, a sublessee of Massell Realty Company. All the rights and liabilities of the bank were incurred by virtue of the assignment of the lease to the bank by Central Leases Inc., on December 31, 1926. This assignment had

no connection with Weinstock, who obtained his sublease from Massell Realty Company on August 25, 1925, sixteen months before the bank had assumed any liability of any kind. The bank was bound as assignee to perform covenants running with the land. Whether the conduct of the bank in dealing with Weinstock, as alleged, was gratuitous, or whether the bank was obligated so to deal because of being an assignee whose liability rests upon privity of estate, such action of the bank could not have been enforced by the plaintiffs in an action based on the original contract. While we find no Georgia adjudication that fully controls every feature of this case, we do not think that the foregoing holdings are in conflict with any Georgia decision, but on the contrary we believe them to be in harmony with the principles and the spirit of the law in this and other jurisdictions. Had the property been leased for less than five years, the lessee or assignee would have had no leasehold estate (Code, § 61-101; *Dunlap* v. *George,* supra) ; but under the facts of this case a leasehold estate did vest. The lease being for more than five years, the liability of the bank was that of an assignee resting upon privity of estate, and not upon contract; and since such privity of estate terminated when the bank reassigned the lease, the bank can not be held responsible for rents accruing after such reassignment. The court did not err in sustaining the general demurrers and dismissing the case. *Judgment affirmed. MacIntyre and Guerry, JJ., concur.*