SAMUEL A. ZUCKER, APPELLANT, v. EDWARD W. DEHM AND ETHEL M. DEHM, RESPONDENTS.

Submitted May 5, 1942—Decided June 9, 1942.

Before Justices BODINE, HEHER and PERSKIE.

For the appellant *pro se, Samuel A. Zucker.*

For the respondents, *Abraham L. Rosenberg.*

BODINE, J. Plaintiff appeals from a judgment of no cause of action. In August, 1940, he leased to the defendant an apartment in the building he owned at 115 Christie Street, Ridgefield Park. The lease was for a term of one year and one month beginning September 1st, 1940, at a monthly rental of $45 a month, payable on the 15th day of each month. The defendants vacated the apartment without permit and without payment of the June, July and August rent. There was a half month free of rent. The plaintiff having found a tenant as of September 1st, 1941, sought to recover the rent due for the time of vacancy amounting to $112.50.

The lease contained provisions that "the tenant shall not assign the agreement or underlet the premises or any part thereof * * * without the landlord's or agent's consent in writing."

The proofs show that the tenant wanted to keep a dog prohibited also without consent, so he wanted to sublet. The

436

landlord was not willing to grant either privilege, so the tenant moved out. In *Muller* v. *Beck*, 94 *N. J. L.* 311, a similar situation existed. The landlord would not submit to a sublease. Mr. Justice Swayze said that he might, for no reason at all, refuse to accept the proposed tenant, and that "the landlord in refusing consent is acting within his right expressly reserved by the lease, and such a reservation is inconsistent with the claim that he must accept the new tenant or forego his rent."

The landlord was under no duty to accept the new tenant and thereby minimize the defendants' loss. *Joyce* v. *Bauman*, 113 *N. J. L.* 438. A written agreement is enforced, according to its terms, and courts of law cannot create new bargains however hard the old ones seem. A bargain may not be changed, even if the refusal of change might seem unreasonable and to serve no useful purpose.

The judgment is reversed, with costs.