83 N.J. Super. 273 (1964)
199 A.2d 400
PACKARD-BAMBERGER & CO., INC., PLAINTIFF,
v.
JACK MALOOF, DEFENDANT.
JACK MALOOF, THIRD-PARTY PLAINTIFF,
v.
JAMES KHOURY, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided April 13, 1964.
*276 Mr. Daniel Amster for plaintiff.
Mr. James A. Major for defendant (Messrs. Major & Major, attorneys).
Mr. John F. McCann, attorney for third-party defendant.
SCHNEIDER, J.C.C. (temporarily assigned).
A motion for summary judgment has been made in the case of Packard-Bamberger & Co., Inc. v. Jack Maloof. The decision in the case of Maloof v. Khoury, based upon a third-party complaint depends somewhat on the decision in the Packard-Bamberger case, and can be disposed of as soon as judgment is entered in the latter case.
The plaintiff was an owner of premises at Main Street and Hackensack Avenue in the City of Hackensack, and on April 9, 1958 leased said premises by written instrument to one George M. Pappas. This lease was for a period of ten years commencing May 1, 1958 and ending April 30, 1968, with a rental of $400 per month. The least was the usual Gilsey form, and the fifth clause provided that the tenant shall not assign this agreement or underlet the premises. Tenant also agreed to pay the real estate taxes under clause 26 in the lease.
On October 26, 1961 George M. Pappas assigned said lease to the defendant Jack Maloof by a written assignment. At the bottom of the assignment there were written the words *277 "above assignment hereby accepted," and it was signed by Jack Maloof. On September 12, 1961 James Pappas, a lawyer, wrote to Packard-Bamberger, Inc., stating that he represented George Pappas and that his client desired to assign his lease to Jack Maloof. By letter dated October 2, 1961 Packard-Bamberger wrote a letter to James Pappas stating that it was in complete agreement in having the lease assigned to Mr. Maloof personally. On October 26 James Pappas sent a signed copy of the assignment of the lease to Packard-Bamberger.
Maloof entered into possession of the premises and continued to occupy the premises for a year and paid rent to Packard-Bamberger which was accepted by it.
In October 1962, without any notice to the landlord and without the landlord's consent, Maloof assigned the lease to one James Khoury. Khoury tendered the rent to Packard-Bamberger, but it refused to accept payment from him and made clear its intention to hold Maloof responsible for the rent. Khoury continued to send the rent and Packard-Bamberger continued to refuse it. Packard-Bamberger instituted suit against Maloof for possession of the premises and for the payment of rent. He filed a third-party complaint against Khoury for the rent due. The court ordered the tenant evicted from the premises and there became due the sum of $1,200 for the period of time that the premises were occupied by Maloof and $4,800 for the period of time that the premises were occupied by Khoury together with taxes which have not yet been paid. Maloof admits he is obligated to pay the $1,200.
The sole issue in this case is the contention of Maloof that in accepting the assignment he obligated himself to pay the rent as a "tenant in possession," only for the period that he actually occupied the premises, and that he is not obligated to carry out all of the terms of the lease originally signed by Pappas. The question remains whether Maloof became obligated under the lease for the rental for the entire term where he accepted the assignment of the lease and the *278 landlord consented and rent was paid to the landlord by Maloof. It is very obvious that the plaintiff never accepted Khoury as a tenant nor was it obligated to do so under the terms of the lease. Maloof contends that in the absence of an express assumption by him of the terms of the lease, he is responsible only for the period he occupied the premises.
In the assignment the following words were contained: "Subject nevertheless to the rents covenants, conditions and provisions therein also mentioned."
The defendant relies upon the case of Meyer v. Alliance Investment Co., 84 N.J.L. 450 (Sup. Ct. 1913). In that case plaintiff leased property to one DeJong by written lease with a covenant to pay rent and not to assign without the written consent of the lessor. DeJong assigned to Alliance. Plaintiff consented in writing, "subject to all the terms, conditions and covenants contained in the lease." Thereafter defendant reassigned to DeJong without the consent of the landlord. Rent accrued and plaintiff lessor sued Alliance. Alliance denied liability on the ground that it had reassigned. Issue was joined when the landlord replied that he did not consent to the reassignment.
The court denied recovery, holding that the law is settled that a lease may be assigned so as to terminate the privity of estate, notwithstanding the covenant not to assign. The court stated further that defendant assignee was not personally bound by the terms of the lease (contract) because the landlord qualified his consent by the words "subject to all the terms, conditions and covenants contained in the lease," which indicated that the landlord still looked to the original lessee for compliance. The court stated, "These are words of qualification and not of contract."
The case at bar is distinguishable from the Meyer case in at least one material particular. The facts of this case show that the words "subject nevertheless to the rents, covenants, conditions and provisions" were written in the contract of assignment executed by the lessee and defendant assignee, whereas in the Meyer case the words of similar import were contained *279 in the written consent of the landlord. Thus, while the words were words of qualification in Meyer, they are clearly words of contract in the case sub judice.
The two pertinent terms of the lease are that the lessee will pay a stipulated rent and that the tenant will not assign without the landlord's consent. Since the landlord did not consent to the assignment to Khoury, which the landlord had a right to do under the lease, Maloof remained the tenant and was liable to the landlord for the rent. See Duncan Development Co. v. Duncan Hardware, 34 N.J. Super. 293 (App. Div. 1955), where it was held that to constitute a surrender of a lease by act and operation of law, there must be an acceptance by the landlord.
The defendant further relies on Sapienza v. Milmoe, 10 N.J. Misc. 135, 158 A. 114 (Sup. Ct. 1932), affirmed 110 N.J.L. 12 (E. & A. 1932), and Linke v. Greenfield, 104 N.J.L. 320 (E. & A. 1928). The court held that the assignee taking from the original tenant's receiver was not liable for the rent after reassignment, notwithstanding the prohibition contained in the lease against assignment without the lessor's consent. Acceptance of the assignment by the assignee was held not to constitute an assumption of the lease so as to render the assignee liable for rent after the assignment. It should be noted that these cases involve receivers and therefor may not be dispositive of the issue at hand because of other policy considerations. Moreover, in the case at bar the assignee not only accepted possession but also expressly accepted the terms and conditions of the lease by contract. And it has been held that upon proof of acceptance of assignment, the assignee is liable for the rent under the lease. Iarussi v. Eagle Brewing Co., 93 N.J.L. 466 (E. & A. 1919). The contract of assignment signed by Maloof stated, "above assignment hereby accepted."
Assuming, however, that the cases relied on by the defendant correctly state the law, they would seem at first glance to cover our situation. There is no question that the original lessor and lessee by their agreement entered into privity of *280 contract. Where an assignment takes place in the ordinary situation, a privity of estate between the lessor and assignee comes into being, and the above law holds that in such event, in the absence of an assumption of the obligations of the lease, removal from possession ends the assignee's liability for future rent. See 89 A.L.R. 433; 2 Taylor, Landlord and Tenant, sec. 449; 2 Underhill, Landlord and Tenant, sec. 649, p. 1090.
But when we look at the facts of this case, we are struck by the unfairness of applying this law to this situation. The facts clearly show that plaintiff agreed to substitute the assignee for the original lessee and that he intended to hold defendant as his tenant. In reply to the request for his consent to the assignment plaintiff said:
"We wish to advise that we are in complete agreement to having this particular lease assigned to Mr. Jack Maloof personally." (Emphasis added)
The word "personally," taken alone and in conjunction with the other facts in this case, manifests a desire on the part of the landlord to hold Maloof answerable for the rent for the remainder of the term.
When Maloof attempted to sell, the landlord made it clear he was not recognizing Khoury and refused to accept rent from him, all with the knowledge of Maloof. Acceptance of the rent from Khoury could have been a waiver of his rights against Maloof. In Matlack v. Arend, 2 N.J. Super. 319 (Ch. Div. 1949), the court said the landlord could refuse to accept rent, and acceptance would be a waiver of liability under the assignment. See Wolk v. Widlansky, 142 N.J. Eq. 165 (Ch. Div. 1948), affirmed 1 N.J. 491 (1949). In Stark v. National Research and Design Corp., 33 N.J. Super. 315 (App. Div. 1954), the court held that objection to the assignment could be raised only by the landlord, and the landlord has the option to waive by acceptance of rent. The landlord is under no duty to accept the rent. Garbarine v. Reade, 95 N.J. Eq. 495 (Ch. 1924); Zucker v. Dehm, 128 N.J.L. 435 (Sup. Ct. 1942).
*281 The defendant contends that his relationship with the plaintiff arises only by reason of privity of estate and that any contractual undertaking between him and his assignee cannot enure to the benefit of the plaintiff. The defendant further asserts that since he is no longer in possession, he is no longer in privity of estate with the plaintiff; ergo, he is not liable for the rent.
Privity of contract arises by an assumption of a lease, while privity of estate can be classified as a relationship arising by reason of some common interest in land. Did the facts in this case create a privity of contract or only a privity of estate? Defendant says that mere acceptance cannot create privity of contract without an express assumption of the obligations of the lease. As stated above, defendant did accept the terms and conditions of the lease.
In Stark v. National Research and Design Corp., supra, Judge Freund held that in accepting the assignment, the assignee is liable for the rent under the lease. In the Meyer case quoted above, there was no acceptance as in this case. It would appear that the act of acceptance moves the assignment from a mere privity of estate to a privity of contract.
Nevertheless, defendant overlooks the fact that there are two contracts in this case, to wit, the lease and the assignment. Assuming for the moment that there was no assumption of the lease, plaintiff could still maintain this action as a third-party beneficiary of the contract of assignment. N.J.S.A. 2A:15-2; Werner v. Kent Parking Garage, 133 N.J.L. 104 (Sup. Ct. 1945). The measure of damages would be the lost rental for the balance of the term or until another tenant has been accepted.
Moreover, an analysis of the facts shows that plaintiff may maintain this action on basis of privity of estate. When the lease was executed a leasehold estate was created, which estate continues to exist until it is extinguished in some manner recognized at law. As stated earlier, there was no effective surrender of the leasehold. Since plaintiff refused to accept Khoury as a tenant, defendant is the owner of the *282 leasehold. As owner of the leasehold, defendant is entitled to possession and liable for the rent. The possession of Khoury was the possession of the defendant.
Liability may be found even in privity of estate because the covenant to pay rent runs with the land. In the case of Sapienza v. Milmoe, quoted by defendant, supra, it was held that a covenant in a lease running with the land is binding on the assignee by virtue of privity of estate. Payment of rent was held to be a covenant running with the land in Diatz v. Washington Technical School, 73 A.2d 227 (D.C. Mun. App. 1950), where it was held that the assignee of a lease is liable to the lessor on a covenant to pay rent, even though there was no agreement to that effect between the lessor and assignee. Sobel v. Diatz, 88 U.S. App. D.C. 329, 189 F.2d 26 (C.A.D.C. Cir. 1951); Oltman v. Albert Co., 327 Pa. 49, 192 A. 897 (Sup. Ct. 1937), holding privity of estate arises and lessor may sue for rent because covenant to pay rent runs with the land.
Another theory under which liability may be predicated is that there was a violation of the covenant not to assign and defendant may be liable for such breach, with the measure of damages the amount lost for rent.
Defendant's contention that he was surety for Khoury and was discharged when plaintiff refused to accept rent from Khoury is not well founded. Suffice it to say that a person primarily liable cannot unilaterally change his liability to secondary liability.
In Portnoff v. Medinkowitz, 27 N.J. Super. 301 (App. Div. 1953), where the lessees, with the consent of the landlord, assigned the lease to assignees who in turn assigned the lease, the lessees were held liable for unpaid rent regardless of whether they became sureties.
In 1 Taylor, Landlord and Tenant, sec. 16, p. 15, we find the following:
"And it is essential to a lease that some reversionary interest be left in the lessor; for if by an instrument purporting to be a demise, he parts with his whole interest in the premises, or makes a lease for *283 a period exceeding his own term, it will, in either case, amount to an assignment of the term. But if a lessee disposes of the term granted to him, reserving any portion thereof, however small, the instrument will operate as an under-lease. And the importance of the distinction consists in this, that, while an assignee is liable to the original lessor for all the obligations of the lessee, by virtue of privity of estate that subsists between them, no action can be maintained by the lessor against an under-tenant, upon any covenant contained in the lease, since there is neither privity of estate nor of contract between himself and the under-tenant." (Emphasis added)
Again at sec. 109, p. 130,
"An assignee is personally liable to the lessor upon all covenants which run with the land; the premises also remaining liable to a distress for rent."
In conclusion, the court finds that the facts in this case go beyond those of the cases relied on by defendant, and that the acceptance of the lease by Maloof created a personal liability. Further, the court finds that under the facts of this case there was a course of conduct which created an agreement to be liable, and estops defendant from claiming lack of liability as tenant in possession limited to privity of estate.
It would not be fair to hold that the landlord may lose his rights against the original tenant by acceptance of the assignee, and then hold that the assignee may avoid any liability by assignment, when we consider the facts of this case.
Plaintiff may submit proof on notice of the amount due for taxes so that a judgment may be entered for plaintiff.