89 N.J. Super. 128 (1965)
214 A.2d 45
PACKARD-BAMBERGER & CO., INC., PLAINTIFF-RESPONDENT,
v.
JACK MALOOF, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 18, 1965.
Decided October 25, 1965.
*129 Before Judges GAULKIN, LABRECQUE and BROWN.
Mr. Daniel Amster argued the cause for the plaintiff.
Mr. James A. Major argued the cause for the defendant (Messrs. Major & Major, attorneys)
*130 PER CURIAM.
Plaintiff Packard-Bamberger & Co., Inc. (Packard) leased premises to Pappas. The lease forbade assignment without the landlord's consent. Pappas assigned the lease to defendant Maloof with Packard's consent. The assignment said it was "Subject * * * to the rents, covenants, conditions and provisions therein [in the lease] mentioned." At the foot of the assignment Maloof signed this statement: "Above Assignment hereby accepted."
Thereafter Maloof assigned to Khoury, without Packard's consent. Khoury took possession of the leased premises and for several months paid the rent to Maloof, who remitted to Packard. Khoury then tendered the rent directly to Packard. Packard refused to recognize Khoury as tenant and rejected the tender. Khoury thereafter abandoned the property. Packard sued Maloof and was awarded summary judgment for the accumulated arrears of rent. 83 N.J. Super. 273 (Law Div. 1964). Maloof appeals.
The liability to the landlord of an assignee of a lease who assumes its burdens is based upon the contract of assumption, and that liability, once assumed, cannot be terminated without the consent of the landlord. On the other hand, the liability of a non-assuming assignee rests upon privity of estate, and therefore a further assignment by him, even without the consent of the landlord and contrary to the provisions of the lease, destroys that privity and terminates his liability. Meyer v. Alliance Investment Co., 84 N.J.L. 450 (Sup. Ct. 1913), affirmed o.b. 86 N.J.L. 694 (E. & A. 1914); Linke v. Greenfield, 104 N.J.L. 320 (E. & A. 1928); James C. Sapienza, Inc. v. Milmoe, 10 N.J. Misc. 135, 158 A. 114 (Sup. Ct. 1932), affirmed o.b. 110 N.J.L. 12 (E. & A. 1933); Annotations, 89 A.L.R. 433 (1934), 148 A.L.R. 196 (1944); 1 American Law of Property, § 3.61, at p. 311 (Casner ed. 1952); 2 Id., § 9.5, at p. 356.
Therefore, the key question in this case is whether Maloof contracted to discharge the burdens of the lease. The mere acceptance of an assignment is not an assumption. Every assignment requires acceptance, Iarussi v. Eagle Brewing Co., *131 93 N.J.L. 466 (E. & A. 1919), yet "an assignee of a lease who does not assume the performance of the covenants of the lease holds the lease merely under a privity of estate which, while sufficient to bind him for the payment of rent to the lessor while in occupation of the premises as a tenant, is terminated by a reassignment in good faith of the lease to another, and * * * thereafter the assignee is not liable to the lessor for rent accruing subsequent to the reassignment." 148 A.L.R., at p. 196.
Packard argues that Maloof's signature following the words "Above Assignment hereby accepted" constituted an assumption. This may prove to be its true meaning in the light of all of the circumstances of the Pappas-Maloof-Packard transactions, but, on the basis of that which was before the trial court on the motion, this meaning does not appear with the clarity required for a summary judgment. Packard points to the acts of Maloof before and after the assignment to him, mentioned in the motion papers, but Maloof may have done those things because of his obligations arising out of privity of estate. At least, it is not clear enough that they were done in recognition of an assumption to warrant summary judgment. Cf. Annotation, 148 A.L.R. 393 (1944).
Packard cites no case in which words similar to those signed by Maloof were held to be an assumption. On the other hand, the record does not explain why Maloof signed as he did. His written acceptance of the assignment appears to have been unnecessary, unless more was intended than mere acceptance. Perhaps an assumption was intended, but on the basis of what is before us that is mere surmise and speculation.
For the foregoing reasons we hold that summary judgment should not have been granted. We reverse for a plenary trial to determine whether Maloof did contract to discharge the burdens of the lease. Cf. Garden State Plaza Corp. v. S.S. Kresge Co., 78 N.J. Super. 485, 496-497 (App. Div.), certification denied 40 N.J. 226 (1963).
The briefs mention the fact that Khoury instituted suit against Maloof to cancel the contract between them (including *132 the assignment of the lease to Khoury) on the ground of Maloof's fraud. Since the question has not been briefed or argued, we express no opinion upon the effect of such cancellation, if Khoury is successful, upon Maloof's liability to Packard.
Maloof argues that "A relationship of principal and surety arose between Maloof and Khoury and the refusal of Packard-Bamberger to accept the rent discharges the surety [Maloof]." We agree with the trial judge that there is no merit in this point.
Reversed.