Kathryn KENDALL, Appellant,

v.

E. C. THIRLWELL et al., (No. F–217–68), Appellees.

Kathryn KENDALL, Appellant,

v.

E. C. THIRLWELL et al., (No. W–18–69), Appellees.

Court of Appeals of Kentucky.

Feb. 6, 1970.

Rehearings Denied June 5, 1970.

---

Allen R. Brown, Louise B. Dahl, Sloane & Dahl, Louisville, for appellant.

Allen P. Dodd, Jr., and Allen P. Dodd, III, Dodd & Dodd, Louisville, for appellees E. C. Thirlwell, Betty J. Alford Thirlwell, Eugene W. Bright and Lucille S. Bright.

CULLEN, Commissioner.

Insurance Investors Trust Company, Inc. (hereinafter referred to as the "debtor") owned three tracts of land and held a leasehold interest under a long-term lease in a fourth tract. The four tracts were contiguous. In a creditors' suit against the debtor, judgment was entered directing a sale of the debtor's interests in all four tracts. The judgment determined that the interests were indivisible and ordered that they be sold as a single unit. Kathryn Kendall, a stranger to the creditor's suit, was the highest bidder at the sale, at the sum of $69,000. However, she filed exceptions to the report of sale, stating in substance that although she was ready and willing to pay the full bid price she desired the sale to be confirmed only as to the three tracts which the debtor owned in fee; that she did not want the debtor's interest in the leased tract. Neither the debtor nor any of the creditors in the action made any objection to this, but the *lessors* of the leased tract, who had been made parties to the creditors' suit and who by pleading had asked that their interests be protected, opposed the exceptions and demanded that the sale be confirmed in

toto. The court overruled the exceptions and entered an order confirming the sale as to all four tracts. Mrs. Kendall has appealed (and moved for an appeal) from that order, the appeal being No. F–217–68.

Subsequently, the circuit court entered an order directing the master commissioner to execute an assignment of the leasehold estate to Mrs. Kendall, the assignment to provide that Mrs. Kendall assume all obligations of the original lessee, and to be effective without actual delivery to her. This order was entered despite motions by Mrs. Kendall asking that the leasehold estate not be conveyed to her. Mrs. Kendall has appealed separately from the latter order, the appeal being No. W–18–69.

The only appellees who have filed briefs on either appeal are the lessors.

While none of the parties undertakes to tell us why Mrs. Kendall does not want the leasehold estate, it is apparent that she considers that it would be a burden rather than an asset and she would like to surrender any right to it that she may have acquired by her bid.

As we view the case, the order confirming the sale did not prejudice Mrs. Kendall in any way, so we are affirming that order. The prejudice comes from the second order, compelling Mrs. Kendall to assume the obligations of the lease. A reversal of that order, leaving Mrs. Kendall in the position of being free of the obligations of the lease by virtue of her having elected to forego the rights she purchased, would be all the relief she would need.

▇ The order of sale provided that the interest of the debtor in the leased property be sold "subject however to" the rights of the lessors. It is our opinion that under the sale on those terms no obligation of the lease would devolve upon the successful bidder prior to her accepting *possession* of the estate or making an act of *entry*.

In Meyer v. Alliance Investment Co., 84 N.J.Law 450, 87 A. 476, aff. in 86 N.J.Law 694, 92 A. 1086, where there was an assignment "subject to" the terms of the lease, the court held that the assignee's liability for rent was dependent upon his *possession*. The court said that the case was similar to a conveyance of land subject to a mortgage. We concur in that view.

▇ The general rule is that an assignee *by operation of law* is not liable under the covenants of the lease unless he takes actual possession or otherwise evidences his election or consent to take the leasehold. 32 Am.Jur., Landlord and Tenant, sec. 371, p. 319. While the assignment in the instant case was not strictly one by operation of law, at the same time it was not a negotiated transaction with a voluntary assignor, and we think the purchaser at a judicial sale such as here involved should be afforded the same opportunity as an assignee by operation of law to choose whether to exercise the rights he has acquired by the assignment, and to be relieved of any liability absent such choice.

▇ In the case of a "naked assignment" it is generally held that the assignee's liability continues only so long as he is in possession and ceases when he surrenders or abandons possession. 51C C.J.S. Landlord & Tenant § 44(4), p. 130. This being so, it would seem that a "naked assignee," such as a purchaser at a judicial sale "subject to" the lessor's rights, would acquire no liability in the first instance unless and until he took possession, and that prior thereto he could surrender the assigned rights.

Mrs. Kendall made clear by her motions in the trial court that she did not desire to accept the leasehold and that she was surrendering any rights to it she may have acquired by the judicial sale. It is our opinion that thereby she avoided subjecting herself to any obligations under the lease, and that the trial court erred in adjudging that she did become subject to any such obligations. Accordingly, we are reversing the order which so adjudged.

The situation will be that the rights of the debtor as lessee will have been transferred from him by the judicial sale, the confirmation of which was urgently sought by the lessors; but those rights will have been surrendered and terminated by the purchaser and thus extinguished.

On the appeal from the order of confirmation, Appeal No. F–217–68, the order is affirmed; on the appeal from the order directing an assignment of the lease and specifying the obligations of the purchaser, Appeal No. W–18–69, the order is reversed.

HILL, C. J., MILLIKEN, NEIKIRK, OSBORNE, PALMORE and REED, JJ. concur.

STEINFELD, J., did not sit.